## TOLEDO, ST. LOUIS & KANSAS CITY RAILROAD COMPANY

### V.

### HENRY McCORMICK, FOR USE, ETC.

*Master and Servant — Servant's Contracts — Master's Liability for — Railroad Station Agent.*

1. The acceptance of orders for the payment of wages of employes by the station agent of a railroad company does not come within the general scope of the employment of such officer.

2. The fact shown, that such officer had frequently received and sent in such orders to the paymaster, and that they had been uniformly paid by the company, is not enough to prove a general power to accept such orders.

[Opinion filed September 11, 1891.]

APPEAL from the City Court of East St. Louis, Illinois; the Hon. B. H. CANBY, Judge, presiding.

Messrs. H. A. NEAL and MESSICK & RHOADS, for appellant.

Messrs. ALEX. FLANNIGEN and JESSE M. FREELS, for appellee.

SAMPLE, J.   Appellee brought this suit for use of Sullivan Bros., against the company, and introduced the following instrument in evidence:

"TOLEDO, ST. LOUIS & KANSAS CITY RAILROAD.

EAST ST. LOUIS, 10—3, 1889.

This is to certify that J. T. Blackmar has $62 coming to him for time worked.   Time during the month of September.

F. B. BROWN, Agent."

"PAYMASTER T., ST. L. & K. C. R. R.

Please pay to H. McCormick the sum of fifty-six dollars and deduct same from amount due me for time worked during September.

J. T. BLACKMAR."

This order was assigned by McCormick to Sullivan Bros., who are the real parties in interest. In substance, the evidence was as follows: Appellee introduced evidence to show that at the time of the giving of said order and certificate of amount due Brown was station agent of appellant at East St. Louis, and as such accepted said order on behalf of the company, and agreed to pay the same, which he afterward refused to do. The appellant introduced evidence to show that Brown did not accept such order or agree to pay the same, was not the appellant's station agent at the date of such order, and had no legal authority, even if station agent, to accept the order in the name of the company, and further, that thereafter, while the company was ignorant of the existence of such order or of any claim of its acceptance by Brown, except such knowledge as might be imputed from the knowledge of Brown, judgment in garnishment for the same wages of Blackmar was rendered against it. Thereupon the plaintiff, to show authority in Brown to make such acceptance, introduced in rebuttal, evidence to the effect that at and about the time of the date of said order Brown had frequently sent in such orders to the general office, all of which had been paid.

The basis of this action is the verbal promise, as claimed by plaintiff, of Brown, on behalf of the company, to pay this order. If Brown was merely station agent of the defendant, the acceptance of orders on the company certainly did not come within the general scope of his duties or powers. There is no evidence tending to show that it was any part of his duty to pay Blackmar or any other servant in the company's service. The fact that the order was given on the paymaster by Blackmar clearly shows that the parties interested did not at the time consider that he had any such authority. Of course, the defendant could have invested him with that power or with authority to accept, on behalf of the company, orders drawn on the paymaster, but there is no evidence that it ever did so. The evidence that he had frequently sent in such orders and that they had been uniformly paid by the company, falls far short of proving that he had a general

power to accept such orders; or orders that he did not so send in to the company. If an agency arises by implication, such an agency will be limited to acts of a like nature. Wait's Actions and Defenses, 230. The order in question was not sent in to the general office, neither was Brown requested to do so, but the appellee and his assigns retained the same. The general officers who had power to act in such a matter were in ignorance of its existence. The company might well want to know at once what orders he had accepted, and this case well illustrates the reason for such a requirement, if such authority should be given. The verdict is against the law and the evidence, and therefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*